VILLANTI, Judge,
Specially concurring.
I fully concur in the majority opinion but take this opportunity to expound on what I perceive to be an overused and overrated probate procedure — requesting and receiving court approval when it is not necessary or legally required. I suspect this superfluous procedure is used because it is viewed as a means of obtaining a harbor safe from criticism or consequence for the future actions so “authorized.” As this case demonstrates, this assumption is incorrect.
Pursuant to section 733.612, Florida Statutes (2002), the personal representative “acting reasonably for the benefit of the interested persons” may perform the “transactions authorized” “without court order.” If done, then the personal representative is entitled to the protection afforded by section 733.602(2). Obtaining court approval for actions already authorized by statute does not insulate the personal representative from personal liability, nor does it eliminate the requirements of section 733.612 that the personal representative act reasonably and for the benefit of the interested persons. Additionally, the unnecessary solicitation of court approval itself may arguably even be perceived as a dissipation of estate assets.